```
UNITED STATES DISTRICT COURT              (al-1316)
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
DIOCELYN BATISTA,
                                          Civil Action No.:
                    Plaintiff,            1:18-cv-07681-CM

        -against-

IRON MOUNTAIN INFORMATION MANAGEMENT
SERVICES, INC. and ROBERT E. GOINS,

                    Defendants.
-----------------------------------x
```

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS IRON MOUNTAIN INFORMATION MANAGEMENT SERVICES, INC. AND ROBERT GOINS' MOTION TO RECONSIDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/18/2022

MEMO ENDORSED

SIMMONS JANNACE DELUCA, LLP
Attorneys for Defendants
IRON MOUNTAIN INFORMATION MANAGEMENT SERVICES, INC.
and ROBERT E. GOINS
**Office & P.O. Address:**
43 Corporate Drive
Hauppauge, New York 11788
(631) 873-4888

Prepared BY:
Allison C. Leibowitz, Esq.

---

*Handwritten endorsement:*

can and will testify and he can and will offer any opinions he may have come to as a result of treating the plaintiff. The motion for reconsideration is DENIED.

10/18/2022
Dr. Scott Haig is a treating physician in this case. He can give expert testimony in his capacity without being identified as an "expert" or providing an expert report. Dr. Haig's identity was known to defendants prior to the close of discovery. Why plaintiff serves a belated expert disclosure concerning Dr. Haig is best known to Pl's counsel, but Dr. Haig

## TABLE OF CONTENTS

|   | Page |
|---|---|
| Preliminary Statement | 1 |
| Motion for Reconsideration Should Be Granted and Upon Reconsideration, Defendants' Motion in Limine to Preclude Scott Haig, M.D. and Ingrid Manana Should be Granted | 2 |
| The Court's Denial of Defendants' Motion in Limine to Preclude Dr. Haig was a clear error and resulted in manifest injustice to the defendants | 3 |
| The Court Erred in Denying Defendants' Motion in Limine to Preclude Ingrid Manana | 10 |
| Conclusion | 15 |

## TABLE OF AUTHORITIES

Page

**Cases**

Alfano v. Nat'l Geographic Channel, 2007 U.S. Dist. LEXIS 74674 *7 (E.D.N.Y. October 5, 2007) .................................. 11

Bastys v. Rothschild, 2000 U.S.Dist. LEXIS 17944 (S.D.N.Y Nov. 20, 2000) ..................................................... 12

Coleman v. City of Niagara Falls, 2015 WL 4208602, at *2 (WDNY July 10, 2015) ................................................. 9

Ebewo v. Martinez, 309 F.Supp. 2d. 600 (S.D.N.Y. 2004) .......... 5

EEOC v. Fed. Express Corp., 268 F. Supp. 2d 192, 195 (E.D.N.Y. 2003) ........................................................... 2

Fund Comm'n Serv., II, Inc. v. Westpac Banking Co., 1996 U.S.Dist. LEXIS 11937 *3 (S.D.N.Y. August 15, 1996) ........... 7

Giladi v. Strauch, 2001 U.S. Dist. LEXIS 4645, at *14(S.D.N.Y. April 16, 2001) ................................................ 7

Grdinich v. Bradlees, 187 F.R.D. 77 (S.D.N.Y. 1999) ............ 5

Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99 (2d Cir. 2013) ............................. 3

Koppell v. New York State Bd. Of Elections, 97 F.Supp.2d 477 (S.D.N.Y. 2000) ............................................... 8

LaMarca v. United States, 31 F.Supp.2d 110 (E.D.N.Y. 1998) ..... 8

Navigators Insurance Company v. Goyard, Inc., 2022 WL3568238 (S.D.N.Y. August 19, 2022) ..................................... 2

Pal v. N.Y. Univ., 2008 Dist. LEXIS 52620, *7 (S.D.N.Y. July 10, 2008) .......................................................... 11

Pal v. N.Y. Univ., 2008 U.S. Dist. LEXIS 50902, *4 [S.D.N.Y. June 30, 2008]) .............................................. 12

Pik Quan Leong v. 127 Glen Head Inc., 2016 U.S. Dist. LEXIS 26666, *12 (E.D.N.Y.March 2, 2016) ............................ 12

Reynolds v. Am. Airlines, Inc., 2017 U.S. Dist LEXIS 192822, at *17-18(E.D.N.Y. November 21, 2017) ............................ 8

Ritchie Risk-Linked Strategies Trading (Ireland) Ltd. v. Coventry First, LLC, 280 F.R.D. 147 (S.D.N.Y. 2012) ........... 5

Schonberger v. Serchuk, 742 F. Supp. 108 (S.D.N.Y. 1990) ....... 3

Shrader v. CSX Transp., Inc., 70 F.3d 255 (2d Cir. 1995) ....... 3

Song v. Yao Bros. Group LP, 2012 U.S. Dist. LEXIS 62235 (S.D.N.Y. May 2, 2012) ........................................ 8

St. Paul Fire & Marine Ins. Co. v. Heath Fielding Ins. Broking Ltd., 1996 U.S. Dist. LEXIS 19847 (S.D.N.Y. January 17, 1996) 8

Torres v. Sushi Sushi Holdings, Inc., 2021 U.S. Dist. LEXIS 100474 (S.D.N.Y. May 27, 2021) ................................ 11

Williams v. County of Orange, 2005 U.S. Dist. LEXIS 46051 (S.D.N.Y. December 13, 2005) .................................. 5

Defendants, IRON MOUNTAIN INFORMATION MANAGEMENT SERVICES, INC., and ROBERT E. GOINS (hereinafter "defendants"), by their attorneys, SIMMONS JANNACE DELUCA, LLP, pursuant to Local Civil Rule 6.3 of the United States District Court for the Southern District of New York hereby submit their motion for reconsideration of the Orders dated September 27, 2022, denying Defendants' motion *in limine* pursuant to Federal Rules of Evidence, Federal Rules of Civil Procedure, and Local Rule 7.1, to preclude plaintiff's expert Scott Haig, M.D. from offering any testimony, reports or opinions in this matter; and denying Defendants' motion *in limine* pursuant to Federal Rules of Evidence, Federal Rules of Civil Procedure 26(a) and Local Rule 7.1, to preclude plaintiff's witness Ingrid Manana from offering any testimony at trial; and upon reconsideration, for the reasons set forth in the Memorandum of Law and the Declaration in Support, to grant defendants' motions in full; and for such other and further relief as this Court may deem just and proper.

### Preliminary Statement

While the standard for granting a motion for reconsideration is strict, such relief is proper where there is a need to correct a clear error or prevent manifest injustice. It is respectfully submitted that in its September 27, 2022 Orders the Court overlooked substantial details with respect to

1

plaintiff's failure to comply with the Federal Rules of Evidence, Federal Rules of Civil Procedure, the Local Civil Rules, as well as the Court's own Individual Rules. Furthermore, it is respectfully submitted that such omission resulted in manifest injustice to the Defendants, severely prejudicing their defense, and allowing plaintiff to willfully disregard the statutory deadlines and requirements for the conduct of discovery in civil matters.

### Motion for Reconsideration Should be Granted and Upon Reconsideration, Defendants' Motions *in Limine* to Preclude Scott Haig, M.D. and Ingrid Manana Should be Granted

"Motions for reconsideration are governed by Local Civil Rule 6.3, which provides that the moving party specify "the matters or controlling decision which counsel believes the Court has overlooked." Navigators Insurance Company v. Goyard, Inc., 2022 WL3568238 (S.D.N.Y. August 19, 2022). To succeed, "the movant must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion". EEOC v. Fed. Express Corp., 268 F. Supp. 2d 192, 195 (E.D.N.Y. 2003) (citations omitted). While the standard for reconsideration is strict, reconsideration will be granted "when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust,

2

729 F.3d 99, 104 (2d Cir. 2013) (citation and internal quotation marks omitted). The court should exercise its discretion to grant a motion for reconsideration where, as here, the moving party can point to substantial factual details submitted on the underlying motion, the oversight of which resulted in a clear error and/or manifest injustice. Shrader v. CSX Transp., Inc., 70 F.3d 255 (2d Cir. 1995); Schonberger v. Serchuk, 742 F. Supp. 108, 119 (S.D.N.Y. 1990).

### The Court's Denial of Defendants' Motion in Limine to Preclude Dr. Haig was a Clear Error and Resulted in Manifest Injustice to Defendants

Respectfully, it is submitted that the Court overlooked key and substantial details in Defendants' motion in limine with respect to plaintiff's multiple failures to comply with the Federal Rules of Evidence, Federal Rules of Civil Procedure, the Local Civil Rules and the Court's own deadlines and statutory requirements.

The Court's Order did not address any of the Defendants' arguments with respect to the insufficiency of plaintiff's disclosure, merely implying that the prejudice resulting from its untimeliness could have been cured by a request to reopen discovery for Dr. Haig's deposition. Respectfully, a request to reopen discovery was not made as plaintiff's disclosure was not received until after the close of all discovery. Indeed, pursuant to the Court's Rules, extensions of discovery deadlines

3

are not routinely granted and parties are admonished "not to wait until the end of the discovery period to serve discovery requests or schedule depositions, or you may be precluded from completing discovery." Exhibit "I".

Furthermore, the taking of Dr. Haig's deposition would not have resolved the issues raised by Defendants' motion *in limine*, i.e., the substantial deficiencies and non-compliance in plaintiff's disclosure. Indeed, had discovery been reopened, Defendants would still have been prejudiced by having to go forward with the deposition of Dr. Haig without having a proper expert disclosure, whether pursuant to Rule 26(a)(2)(B) or (C), and without being provided with either a written report and list of previous testimony or a summary of the facts and opinions on which Dr. Haig is expected to testify.

Pursuant to the Court's Civil Case Management Plan, plaintiff was to disclose any experts on or before August 30, 2019. See Exhibit "F". Plaintiff attempted to designate Dr. Scott Haig as an expert witness for the first time on November 14, 2019, three months after the expert disclosure deadline, and over two weeks after the expiration of the deadline for *all* discovery. Exhibit "G".

Rule 37(c)(1) of the Federal Rules of Civil Procedure provides in pertinent part that "If a party fails to provide information or identify a witness as required by Rule 26(a) or

4

(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." This rule "provides for the automatic exclusion of a witness who was not disclosed despite a party's duty to disclose." Grdinich v. Bradlees, 187 F.R.D. 77 (S.D.N.Y. 1999). Accordingly, courts may exclude testimony from experts where the untimeliness of the disclosure was not substantially justified. See Ebewo v. Martinez, 309 F.Supp. 2d. 600 (S.D.N.Y. 2004) (excluding expert affidavit from a previously unidentified expert witness that was produced one month after the close of discovery).

The deadline for expert disclosure passed well before plaintiff served his purported disclosure, and therefore, plaintiff cannot claim that his non-compliance was substantially justified or harmless. See Ritchie Risk-Linked Strategies Trading (Ireland) Ltd. v. Coventry First, LLC, 280 F.R.D. 147 (S.D.N.Y. 2012). To establish that plaintiff's non-compliance was harmless, plaintiff would need to establish an absence of prejudice to defendants. See Williams v. County of Orange, 2005 U.S. Dist. LEXIS 46051 (S.D.N.Y. December 13, 2005). Plaintiff cannot do so, as Defendants were prevented from deposing Dr. Haig as plaintiff's expert and questioning him as to his treatment of plaintiff, his opinions, and conclusions. Indeed, plaintiff did not even attempt to establish that the late,

5

insufficient disclosure was harmless, merely arguing that Dr. Haig may testify as a treating physician. However, as discussed below, a designation of a treating expert must still be done pursuant to Rule 26(a)(2)(C), which was not complied with by plaintiff. Furthermore, Defendants have been denied the opportunity to obtain a rebuttal expert and have been severely prejudiced by the inability to address plaintiff's proposed new evidence before discovery ended. See Ritchie, 280 F.R.D. 147, 160 (S.D.N.Y. 2012). However, as discussed above, even if Defendants had been able to depose Dr. Haig, such would not have cured the prejudice resulting from the deficiencies in plaintiff's disclosure as Defendants would have been required to go forward with the deposition without being provided with either a written report and a list of Dr. Haig's prior testimony or a summary of the facts and opinions on which he is expected to testify.

Plaintiff's untimely disclosure of Dr. Haig specified that the disclosure was one pursuant to Rule 26(a)(2)(B). A disclosure pursuant to Rule 26(a)(2)(B) must be accompanied by a written report, containing a statement of all opinions the witness will express and the basis and reasons for them; the facts or date considered by the witnesses in forming his opinions; the witness' qualifications, including a list of all publications authored in the previous 10 years; a list of all

6

other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and a statement of the compensation to be paid for the study and testimony in the case. Fed.R.Civ.P. 26(a)(2)(B).

However, in lieu of complying with the statutory requirements of Federal Rule of Civil Procedure 26(a)(2)(B), plaintiff's disclosure merely stated that Dr. Haig "will testify in accordance with the substance of his medical narrative to be promptly provided upon receipt of same" and provided a copy of his curriculum vitae. See Exhibit "G". No medical narrative has been provided to date. Furthermore, plaintiff's disclosure did not contain a list of testimony. The law is clear that if a party desires to use expert testimony at trial, that party must comply with the strictures of Rule 26(a)(2) and must abide by court established deadlines. Fund Comm'n Serv., II, Inc. v. Westpac Banking Co., 1996 U.S.Dist. LEXIS 11937 *3 (S.D.N.Y. August 15, 1996). Plaintiff's purported expert disclosure did neither.

A disclosure is deficient if it fails to include any of the underlying conclusions on which the expert's ultimate opinions are based. See Giladi v. Strauch, 2001 U.S. Dist. LEXIS 4645, at *14(S.D.N.Y. April 16, 2001). It is also deficient if it fails to set forth a complete statement of the basis and reasons for the expert's opinions. Id. (citing St. Paul Fire & Marine Ins.

7

Co. v. Heath Fielding Ins. Broking Ltd., 1996 U.S. Dist. LEXIS 19847 (S.D.N.Y. January 17, 1996)); see also Koppell v. New York State Bd. Of Elections, 97 F.Supp.2d 477 (S.D.N.Y. 2000). To date, plaintiff has not provided any report or summary of Dr. Haig's opinions, and therefore, plaintiff's disclosure is deficient. The "automatic sanction" for a violation of Rule 26(a) is preclusion. LaMarca v. United States, 31 F.Supp.2d 110, 122-23 (E.D.N.Y. 1998).

Plaintiff also failed to provide a list of all other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. In light of plaintiff's failure to provide the required information, Dr. Haig should be precluded from offering any testimony in this matter. See Song v. Yao Bros. Group LP, 2012 U.S. Dist. LEXIS 62235 (S.D.N.Y. May 2, 2012). Moreover, plaintiff should be precluded from offering expert opinions contained in medical reports and treatment records with regards to causation, degree of future disability, and future medical costs, as these opinions extend beyond the treatment of plaintiff, and, may not be used to circumvent the expert disclosure requirements set forth in Fed. R. Civ. P. 26(a)(2)(B). See Reynolds v. Am. Airlines, Inc., 2017 U.S. Dist LEXIS 192822, at *17-18(E.D.N.Y. November 21, 2017).

8

Even if it can be established that the Rule 26(a)(2)(B) designation was in error and that Dr. Haig, as a treating physician is not required to provide a written report, the disclosure of Dr. Haig must still have complied with Rule 26(a)(2)(C). Indeed, case law is clear that as a treating physician Dr. Haig is an expert who may testify regarding his treatment of plaintiff including his diagnosis, causation and prognosis without providing a written report, <u>provided that a proper Rule 26(a)(2)(C) disclosure was served on the defendant</u>. Coleman v. City of Niagara Falls, 2015 WL 4208602, at *2 (WDNY July 10, 2015).

Rule 26(a)(2)(C) requires that the disclosure of a treating physician state the subject matter on which the witness is expected to testify and provide a summary of facts and opinions to which the witness is expected to testify. Plaintiff's purported and untimely disclosure fails to do either. See Exhibit "G".

As plaintiff's expert disclosure of Dr. Haig was both untimely and insufficient under the requirements of both Rule 26(a)(2)(B) and 26(a)(2)(C), Defendants' motion *in limine* to preclude Dr. Haig should have been granted. Indeed, the deficiencies in plaintiff's disclosure demonstrate his clear failure to follow the deadlines and requirements set by this

9

Court as well as the statutory deadlines and requirements for disclosure of experts.

Accordingly, the denial of Defendants' motion to preclude Dr. Haig was a clear error and results in a manifest injustice, severely prejudicing Defendants and forcing them to proceed to trial against an expert whose opinions are unknown and/or who Defendants did not have a chance to examine.

### The Court Erred in Denying Defendants' Motion in Limine to Preclude Ingrid Manana

Respectfully, it is submitted that the Court overlooked plaintiff's multiple failures to identify Ms. Manana as a potential witness despite various opportunities to do so. Indeed, it is respectfully submitted that the Court's holding that the mere reference to Ms. Manana's existence was sufficient to place Defendants on notice of plaintiff's intent to call her as a witness at trial is clear error and results in manifest injustice, as it severely prejudices the Defendants by allowing the use of an unidentified witness which Defendants have not had an opportunity to examine.

Ms. Manana was improperly first identified as a potential witness for plaintiff in the Joint Pre-Trial Order dated February 11, 2020, over three months past the close of discovery, and over eight months past the deadline to provide

Case 1:18-cv-07681-CM   Document 99   Filed 10/11/22   Page 14 of 18

Rule 26 disclosures. See Exhibit "E". Plaintiff never requested an extension of the discovery deadline.

Plaintiff's seeking to include Ms. Manana as a witness at that late stage is in contravention of Federal Rule of Civil Procedure 37(c)(1), which was designed to prevent a party from surprising its adversary with new evidence and to alert an opposing party of the need to take discovery of the named witnesses. See Pal v. N.Y. Univ., 2008 Dist. LEXIS 52620, *7 (S.D.N.Y. July 10, 2008); Alfano v. Nat'l Geographic Channel, 2007 U.S. Dist. LEXIS 74674 *7 (E.D.N.Y. October 5, 2007).

The Court confronted a similar issue in Torres v. Sushi Sushi Holdings, Inc., 2021 U.S. Dist. LEXIS 100474 (S.D.N.Y. May 27, 2021), there, two witnesses were disclosed for the first time upon the filing of the joint pre-trial order. Id. Plaintiff subsequently made a motion *in limine* to preclude the testimony of the untimely disclosed witnesses. Id at *9. The Court held that preclusion was appropriate as these witnesses were not identified in the initial disclosures, the disclosures were not supplemented, and no explanation for such failure or why these witnesses were particularly important was provided. Id at *10-11. The Court held the admission of the testimony would be prejudicial due to the inability to depose these witnesses as a result of the untimely disclosure. Id at *12.

11

Likewise, the plaintiff in Alfano attempted to first name a witness, well after the close of discovery, by amending the Joint Pre-Trial Order. 2007 U.S. Dist. LEXIS 74674 *7 (E.D.N.Y. October 5, 2007). The Court denied plaintiff's request to add its witness, reasoning that allowing the testimony would result in unfairness, in that it would abandon the level of pretrial disclosure necessary to put defendants in a position to fairly match the new evidence, or require the Court to re-open discovery creating a burden of additional costs and loss of expediency. Id. at *7-8.

Indeed, contrary to the Court's holding in this matter, case law is clear that even if defendants were aware of the witness' existence, that awareness does not absolve plaintiff of the Rule 26(a)(1)(A) disclosure obligation, which "is fulfilled only if plaintiff informed defendants that she may call the witnesses in support of her claims or defenses." See Pik Quan Leong v. 127 Glen Head Inc., 2016 U.S. Dist. LEXIS 26666, *12 (E.D.N.Y.March 2, 2016) (quoting Pal v. N.Y. Univ., 2008 U.S. Dist. LEXIS 50902, *4 [S.D.N.Y. June 30, 2008]).

Failure to disclose the information required by Rule 26 (a) may only be excused if the failure is harmless or substantially justified. See Bastys v. Rothschild, 2000 U.S.Dist. LEXIS 17944 (S.D.N.Y Nov. 20, 2000), and affm'd, 2005 U.S. App. LEXIS 22222 (2d Cir. N.Y., Oct. 13, 2005). Neither excuse is applicable

12

here. Defendants had no opportunity to depose Ms. Manana; and therefore, Defendants would clearly be prejudiced and subject to undue surprise by her testimony at trial. Moreover, plaintiff cannot offer any justification as to why this witness was not disclosed during discovery despite the Rule 26 obligations and two discovery demands requesting the identification of witnesses.

Plaintiff cannot justify why Ms. Manana was not disclosed during discovery and only first identified in the Joint Pre-Trial Order, eight months after the Rule 26 deadline. Plaintiff has not made any request for an extension of time to make such disclosure. Plaintiff had the opportunity to disclose Ms. Manana in not only the required Rule 26 disclosure, but also as part of his Response to Interrogatories, and his Response to Combined Demands, yet no such disclosure was made. See Ex. "B" and Ex. "D". To date, plaintiff has made no attempt to supplement his responses or serve his Rule 26 Initial Disclosure. There is no justifiable reason why plaintiff should be allowed to unilaterally waste the Court's time and increase costs associated with the re-opening of discovery when it is clear that plaintiff blatantly disregarded the Court Ordered Discovery schedule, the Federal Rules and defendants' discovery demands. See Alfano, 2007 U.S. Dist. Lexis 74674 at *7-8.

13

Despite plaintiff's identifying Ms. Manana as his wife during his deposition, no indication was made at that, or any other time until the Joint Pre-Trial Order, that Ms. Manana would be called to testify with respect to plaintiff's post-accident condition. Furthermore, the Court's finding that the mere disclosure of her existence was sufficient to identify Ms. Manana as a witness, results in manifest injustice as it permits plaintiff to get away with an unjustified and duplicitous tactic, creating surprise and severely prejudicing defendants' defense at trial due to their inability to examine and/or otherwise conduct discovery with respect to Ms. Manana.

Indeed, taking the Court's holding to its logical conclusion would further prejudice the Defendants and result in manifest injustice as it would require that Defendants expect any individuals identified by plaintiff during his deposition to be called as potential witnesses at trial, thereby requiring Defendants to conduct discovery and/or depositions with respect to each such individual.

Clearly, the Court's erroneous holding is in contravention of the very clear issue that the Federal Rule of Civil Procedure 37(c)(1) was designed to prevent. Accordingly, it is respectfully submitted that the denial of Defendants' motion *in limine* to preclude Ms. Manana due to plaintiff's failure to serve his Initial Disclosures and/or otherwise identify Ms.

14

Manana as a potential witness despite several opportunities to do so was a clear error and results in manifest injustice.

### Conclusion

It is respectfully submitted that the instant motion for reconsideration should be granted and upon so granting the Court should reconsider its decisions with respect to the motions *in limine* to preclude Dr. Haig and Ms. Manana.

Dated:     Hauppauge, New York
           October 11, 2022

>                           Respectfully submitted,
>                           SIMMONS JANNACE DELUCA, LLP
>
>                           By: /s/ Allison C. Leibowitz
>                               Allison C. Leibowitz
>                           Attorneys for Defendants IRON
>                           MOUNTAIN INFORMATION MANAGEMENT
>                           SERVICES, INC. and ROBERT E. GOINS
>                           **Office & P.O. Address:**
>                           43 Corporate Drive
>                           Hauppauge, New York 11788
>                           (631) 873-4888